UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SNEHA ACHAR,

Plaintiff,

-against-

RYAN COPKO et al.,

Defendants.

26-CV-7064 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, proceeding *pro se,* has filed an emergency motion seeking to stay her state family court proceedings. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Further, the *Younger* abstention doctrine requires that federal courts refrain from exercising their jurisdiction when doing so would call into question ongoing state proceedings. *See Diamond "D" Construction Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)).

Accordingly, Plaintiff's request for preliminary injunctive relief (ECF 4) is denied. The Court will issue an explanatory order at a later date.

**CONCLUSION**

Plaintiff's request for preliminary injunctive relief (ECF 4) is denied.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 19, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge